UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICK SPENCER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-2851 |
| | § | |
| RECEIVABLES PERFORMANCE | § | |
| MANAGEMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Receivables Performance Management, LLC's ("RPM," or "Defendant") Motion for Summary Judgment (Doc. 29). Also before the Court are Plaintiff Nick Spencer's ("Spencer," or "Plaintiff") Motion to Dismiss Defendant's Counterclaim (Doc. 26); Defendant's Motion in Limine (Doc. 62); and Plaintiff's Motions in Limine (Docs. 68, 69).

Having considered the motions and the responses thereto,[1] the facts in the record,[2] and

---

[1] Regarding the Motion for Summary Judgment, Spencer filed a response (Doc. 39) and surresponse (Doc. 50) in opposition, and RPM filed a reply (Doc. 47) and surreply (Doc. 55) in support. Regarding the Motion to Dismiss, RPM filed a response in opposition (Doc. 28), and Spencer filed a reply in support (Doc. 30-1). Regarding Defendant's Motion in Limine, Spencer filed a response (Doc. 67), and RPM filed a reply (Doc. 72 Ex. A); Plaintiff's first Motion in Limine (Doc. 68), RPM, a response (Doc. 70), and Spencer a reply (Doc. 80); and Plaintiff's second Motion in Limine (Doc. 69); RPM, a response (Doc. 71), and Spencer, a reply (Doc. 75).

[2] Defendant makes several evidentiary objections:

Defendant objects to Plaintiff's affidavit (Doc. 39-2 Ex. A) as a "sham" affidavit that contradicts prior deposition testimony. Doc. 47 ¶¶ 1-5. Defendant's objection is overruled, as the only contradiction is a disparity between Plaintiff's recollection and the documentary evidence of the number of phone calls he answered, and Plaintiff attempts to explain and resolve the disparity through the Sprint Phone Records (Doc. 50-2 Ex. A). *See* Doc. 50 at 2-4. Furthermore, to the extent the records contradict his memory, Plaintiff relies on the records in making his argument. *See id.*

Defendant objects to Plaintiff's introduction of his Call Log (Doc. 39-7 Ex. F), Doc. 47 ¶ 6, and the Sprint Phone Records (Doc. 50-2 Ex. A), Doc. 55 ¶¶ 1-8, as hearsay. Defendant's objection to the Call Log is sustained, as the document has not been authenticated. Defendant's objection to the Sprint Phone Records is overruled, as the document is sufficiently trustworthy to qualify as a business record under Federal Rule of Evidence 803(6). *See* Lewis Dep. 5:12-8:8, July 12, 2011, Doc. 50-2 Ex. B; *see also United States v. Jackson*, 636 F.3d 687, 693 (5th Cir. 2011) ("This Court does not require conclusive proof of authenticity before allowing the admission of disputed evidence. Rule 901 does not limit the type of evidence allowed to authenticate a document. It merely requires some

the applicable law, the Court concludes that Defendant's motion for summary judgment should be denied, Plaintiff's motion to dismiss Defendant's counterclaim granted, and all motions in limine denied as premature.

I. Background

Spencer brings this suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p (2012), which is intended "to eliminate abusive debt collection practices by debt collectors." § 1692(e). RPM is a debt collector that, in May 2010, had a collection account in the amount of $1,881.55 for an individual named Sharif Abuzalam with an associated telephone number of 281-920-0832. *See* Def.'s Account Notes, Doc. 39-5 Ex. D. This, however, was Spencer's main office number, which was set up to forward all incoming calls to Spencer's cell phone. Nick Spencer Dep. 13:4-14, Jan. 20, 2011, Doc. 39-3 Ex. B. Over twenty-six days, from May 6 through May 31, 2010, RPM phoned that number nineteen times, always between the hours of 8:38 a.m. and 8:42 p.m., Cozmyk Aff. ¶¶ 5-6, July 22, 2011, Doc. 50-4 Ex. D; Pl.'s Call Notes, Doc. 50-4 Ex. D1, and Spencer believes that either he or his wife answered at least eight of those calls, Pl.'s Surresponse Opp. to Def.'s Mot. Summ. J. 2, Doc. 50 (citing Lewis Dep., July 12, 2011, Doc. 50-2 Ex. B). The conversations were brief, lasting, in chronological order, approximately 20, 23, 19, 13, 16, 23, 46, and 79 seconds. *See* Pl.'s Resp. 3, Doc. 39; Sprint Phone Records 146-61, Doc. 50-2 Ex. A; *see also* Lewis Dep. 11:1-4 (stating that it is unclear whether the timing of the calls begins upon the caller's dialing or the recipient's answering). Each time, beginning with the first call on May 6, Spencer or his wife told the caller that he had a wrong number and asked him to stop calling; each time, the caller "would not listen

---

evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be. The standard for authentication is not a burdensome one." (alterations, citations, and internal quotation marks omitted)); *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990) ("[T]he primary emphasis of rule 803(6) is on the reliability or trustworthiness of the records sought to be introduced. The district court has great latitude on the issue of trustworthiness." (citations and internal quotation marks omitted)).

. . . but would . . . try to talk over [Spencer] by getting louder and more aggressive." Nick Spencer Aff. ¶ 9, May 13, 2011, Doc. 39-2 Ex. A. It was not until after the phone call on May 31 that RPM finally stopped calling. Pl.'s Call Notes.

On August 11, 2010, Spencer filed his Complaint (Doc. 1) and, on September 24, 2010, filed his First Amended Complaint (Doc. 5). On October 29, 2010, RPM filed its Counterclaim (Doc. 7), alleging that Plaintiff brought the action in bad faith and for the purpose of harassment and, consequently, requesting attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

## II. Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing the claims determines the elements essential to the outcome of the case and thus determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, the relevant substantive law is the FDCPA, which states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." § 1692d-d(5).

## III. Discussion

### A. Defendant's Motion for Summary Judgment

Under the standard articulated above, the essential inquiry is whether the natural consequence of the debt collector's telephone calls is harassment, and the facts material to the answer are those that describe the nature of the phone calls—their frequency and intent. Frequency can be calculated by using a simple mathematical formula, but intent must be

inferred. There is no bright-line test for determining intent to harass; rather, the determination must be made in view of the totality of the circumstances. *See, e.g.*, *Coleman v. Credit Mgmt., LP*, No. 3:10-CV-2312-M, 2011 WL 5248219, at *3 (N.D. Tex. Nov. 2, 2011) (collecting cases).

Spencer alleges that the circumstances indicative of intent to harass are as follows: RPM called nineteen times in twenty-six days, with Spencer or his wife answering at least eight times; each time, including during the first call on May 6, 2010, Spencer or his wife told the caller that he had a wrong number and asked him to stop calling; and, each time, the caller would respond by raising his voice and becoming aggressive. RPM admits the nineteen attempts but denies reaching Plaintiff or being told it had a wrong number prior to its final attempt on May 31, 2010. Thus, disputes exist regarding how many conversations took place; whether, in the course of the alleged conversations, the caller was rude or aggressive; and whether RPM continued to phone Spencer after being told not to. Resolution of these disputes is material to the outcome of this case. *See Dunning v. Portfolio Recovery Assocs., LLC*, No. 11-62080-CIV, 2012 WL 5463294, at *5 (S.D. Fla. Nov. 9, 2012) (denying defendant's motion for summary judgment on § 1692d(5) claim where plaintiff alleged that defendant continued to call after being asked to stop); *Pratt v. CMRE Fin. Servs., Inc.*, No. 4:10-CV-2332 CEJ, 2012 WL 86957, at *4 (E.D. Mo. Jan. 11, 2012) (plaintiff alleged that defendant continued to call after being told it had a wrong number); *Young v. Asset Acceptance, LLC*, No. 3:09-CV-2477-BH, 2011 WL 1766058, at *3 (N.D. Tex. May 10, 2011) (plaintiff alleged that defendant called thirty-three times in seventy-three days, and each time plaintiff answered, he asked defendant to stop); *see also Shand-Pistilli v. Prof'l Account Servs., Inc.*, No. 10-CV-1808, 2010 WL 2978029, at *5 (E.D. Pa. July 26, 2010) (denying defendant's Rule 12(b)(6) motion to dismiss where plaintiff alleged "continuous calls" for four months after plaintiff asked defendant to stop); *Chiverton v. Fed. Fin. Group, Inc.*,

399 F. Supp. 2d 96, 103-04 (D. Conn. 2005) (awarding damages where defendant called plaintiff more than twenty times in three months after being asked to stop); *cf. Coleman*, 2011 WL 5248219, at *3-4 (granting defendant's motion for summary judgment where defendant called fourteen times in two months but stopped immediately after being told it had a wrong number); *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301, 1305 (M.D. Fla. 2010) (defendant called fifty-seven times over an unspecified period, but plaintiff never answered or asked defendant to stop calling).

Because there remain genuine disputes of material fact, summary judgment would be improper and Defendant's motion should be denied.

### B. Plaintiff's Motion to Dismiss

Plaintiff moves to dismiss Defendant's Counterclaim, which Defendant brought pursuant to § 1692k(a)(3), alleging bad faith and requesting attorney's fees. Because § 1692k does not give rise to an independent cause of action but merely allows for damages after resolution of the case on the merits, Plaintiff's motion should be granted and Defendant's Counterclaim dismissed. *See Allen v. Scott*, No. 3:10-CV-02005-F, 2011 WL 219568, at *2-3 (N.D. Tex. Jan. 19, 2011) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985)). Should Defendant prevail, it may file its § 1692k(a)(3) motion at that time.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Doc. 29) is DENIED; it is further

ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. 26) is GRANTED and Defendant's Counterclaim is DISMISSED; it is further

ORDERED that Defendant's Motion in Limine (Doc. 62) and Plaintiff's Motions in Limine (Docs. 68, 69) are DENIED as premature, without prejudice to being re-urged closer to the trial date.

SIGNED at Houston, Texas, this 4th day of March, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE